IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

FREDDY PERKINS,

OPINION AND ORDER

Petitioner,

17-cv-692-bbc

v.

LOUIS WILLIAMS II,

Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Petitioner Freddy Perkins is a federal prisoner who was convicted in the United States District Court for the Central District of Illinois for conspiracy to distribute 280 grams of crack cocaine and possessing 280 grams of crack cocaine with the intent to distribute and sentenced to 20 years in prison and 10 years of supervised release. Dkt. ##1-2. Petitioner is now incarcerated in this district at the Federal Correctional Institution in Oxford, Wisconsin. He brings a petition for a writ of habeas corpus under 28 U.S.C. § 2241 in which he contends that he is "actually innocent" in light of the recent decision in Mathis v. United States,136 S. Ct. 2243, 2248-50 (2016), in which the Supreme Court held that a prior conviction counts as a predicate crime under the Armed Career Criminal Act only"if its elements are the same as, or narrower than, those of the generic offense."

The petition is before the court for preliminary review pursuant to Rule 4 of the Rules Governing Section 2254 Cases. (This rule also may be applied to habeas petitions not

brought under § 2254, such as this petition pursuant to § 2241. Rule 1(b), Rules Governing Section 2254 Cases). Under Rule 4, I must dismiss the petition if it plainly appears from the petition that petitioner is not entitled to relief; otherwise, I will order respondent to file an answer. See also 28 U.S.C. § 2243 (habeas court must award writ or order respondent to show cause why writ should not be granted, unless application makes it clear that petitioner is not entitled to relief). For the reasons stated below, I conclude that because petitioner was not sentenced as an armed career criminal, he is not entitled to relief under this section. Accordingly, his petition for habeas corpus relief must be denied. I also decline to issue petitioner a certificate of appealability.

OPINION

Ordinarily, a federal prisoner challenging his conviction or sentence must do so on direct appeal or in a motion filed under 28 U.S.C. § 2255 in the district where he was convicted. Brown v. Caraway, 719 F.3d 583, 586 (7th Cir. 2013). However, there is a limit to the number of collateral attacks a prisoner may bring, and petitioner has filed at least one § 2255 motion regarding his sentence. Dkt. #1 at 2. In particular, a second or successive collateral attack is permissible only if the court of appeals certifies that it rests on newly discovered evidence (which petitioner's does not) or "a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h)(2). The Court of Appeals for the Seventh Circuit has held that arguments based on Mathis do not justify successive collateral attacks and "must

be brought, if at all, in a petition under 28 U.S.C. § 2241." Dawkins v. United States, 829 F.3d 549, 551 (7th Cir. 2016) (finding that Mathis sets forth new rule of statutory and not constitutional law).

Section 2255(e) allows a federal prisoner to "petition under section 2241 instead if his section 2255 remedy is 'inadequate or ineffective to test the legality of his detention.'" Brown v. Rios, 696 F.3d 638, 640 (7th Cir. 2012) (quoting 28 U.S.C. § 2255(e)). To satisfy § 2255(e), a prisoner must show three things: (1) his petition is based on a rule of statutory law; (2) he is relying on a retroactive decision that he could not have invoked in his first § 2255 motion; and (3) the sentence enhancement must have been a grave enough error to be deemed a miscarriage of justice. Light v. Caraway, 761 F.3d 809, 812-13 (7th Cir. 2014); In re Davenport, 147 F.3d 605, 610-12 (7th Cir. 1998). See also Webster v. Caraway, 761 F.3d 764, 767 (7th Cir. 2014) ("When a change of law, retroactively applicable, shows that the prisoner did not commit a crime or has received an illegally high sentence, § 2241 is available if it otherwise would be impossible to implement the Supreme Court's intervening decision."). As petitioner recognizes, a petition under § 2241 must be brought in the district in which the prisoner is confined rather than the district in which the prisoner was sentenced. Light, 761 F.3d at 812.

Although petitioner cites the Mathis decision as the rule of statutory law upon which he is relying, nothing in his petition shows that he received a sentence enhancement under the Armed Career Criminal Act. Petitioner's concern seems to be that the sentencing judge miscalculated the amount of cocaine that he allegedly had in his possession and erroneously

sentenced him to 20 years in prison and 10 years supervised release pursuant to 21 U.S.C. § 841(b)(1). Dkt. #1 at 4 ("The sentencing court arrived to this amount based on inaccurate drug quantities in the PSR and amounts not corroborated or subjected to Cross-Examination at trial."). As discussed above, the Mathis decision relates to the way in which predicate crimes may be considered in enhancing a sentence pursuant to 18 U.S.C. § 924(c), and therefore, does not apply in this case. However, even if petitioner could show that Mathis applies, he cannot satisfy the second requirement of § 2255(e) related to retroactivity. Contrary to other decisions the Supreme Court has reached concerning the Armed Career Criminal Act, the Court has not issued an express ruling finding Mathis retroactive. Neff v. Williams, case no. 16-cv-749-bbc (Aug. 17, 2017); Van Cannon v. United States, case nos. 16-cv-433-bbc and 08-cr-185-bbc (Jul. 10, 2017). Accordingly, petitioner has no ground on which to argue that he is raising an issue of new law, and his petition must be denied.

Under Rule 11 of the Rules Governing Section 2255 Proceedings, the court must issue or deny a certificate of appealability when entering a final order adverse to a petitioner. To obtain a certificate of appealability, the applicant must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2); Tennard v. Dretke, 542 U.S. 274, 282 (2004). This means that "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003) (internal quotations and citations omitted). Because

4

reasonable jurists would agree that <u>Mathis</u> does not apply in this case and that petitioner has failed to make a substantial showing of a denial of a constitutional right, no certificate will issue.

ORDER

IT IS ORDERED that the petition for a writ of habeas corpus filed by petitioner Freddy Perkins, dkt. #1, is DISMISSED.  No certificate of appealability shall issue.

Entered this 25th day of September, 2017.

BY THE COURT:

/s/

_____
BARBARA B. CRABB
District Judge